**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

ARTHUR TAYLOR, Register No. 1041889,    )
    )
                Plaintiff,    )
    )
                v.    )     No. 07-4212-CV-C-SOW
    )
DAVE DORMIRE, et al.,    )
    )
                Defendants.    )

**REPORT, RECOMMENDATION AND ORDER**

       Plaintiff seeks entry of default judgment, pursuant to Fed. R. Civ. P. 55.  On April 9, 2008, defendants Dormire, Corser, Campbell, Beckemeyer, Cahalin, Friesen and Hovis filed suggestions in opposition, along with a responsive pleading to plaintiff's complaint.  Default judgment is harsh and should not be entered where resolution on the merits is desired by defendants.  In such cases, the court may deny the request.  F.T.C. v. Packers Brand Meats, Inc., 562 F.2d 9 (8th Cir. 1977); Davis v. Parkhill-Goodloe Co., 302 F.2d 489 (5th Cir. 1962).  Generally, only a clear pattern of "delay or contumacious conduct" justifies entry of default judgment.  Taylor v. City of Ballwin, 859 F.2d 1330, 1332 (8th Cir. 1988).  The preference is for judgment on the merits.

       A review of the record indicates defendant Maples has not been served with the summons and complaint.  Rule 4, Federal Rules of Civil Procedure, permits the court to direct the United States Marshal to serve process in actions brought by indigents.  Plaintiff has been granted leave to proceed in forma pauperis in this case.  Plaintiff is required to furnish the information necessary to identify the defendant and enable the United States Marshal to serve process.  Moore v. Jackson, 123 F.3d 1082 (8th Cir. 1997).  Plaintiff should complete the service of process forms provided to him by the clerk of court and return the completed forms, within twenty days, showing the address where defendant may be served.

       IT IS, THEREFORE, ORDERED that the clerk of court forward appropriate process forms to plaintiff.  It is further

ORDERED that within twenty days, plaintiff return the completed summons and service forms showing the address where defendant Maples may be served. It is further

ORDERED that upon receipt of the completed forms, the clerk of court deliver the summons and complaint to the United States Marshal for service of process. It is further

ORDERED that the United States Marshal attempt service of process in accord with Fed. R. Civ. P. 4(e)(1), if mail service is attempted, or if mail service cannot be effected, by personal service under Fed. R. Civ. P. 4(e)(2). It is further

RECOMMENDED that plaintiff's motion for default judgment be denied. [11]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 22nd day of April, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

Case 2:07-cv-04212-FJG   Document 14   Filed 04/22/08   Page 2 of 2