IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ARTHUR TAYLOR, Register No. 1041889, )
)
                   Plaintiff, )
)
                   v. )       No. 07-4212-CV-C-SOW
)
DAVE DORMIRE, et al., )
)
                   Defendants. )

**REPORT, RECOMMENDATION AND ORDER**

       Plaintiff Arthur Taylor, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]

       There are several motions pending before the court. Defendants filed motions to dismiss on April 9, August 5 and September 19, 2008, and plaintiff has filed motions to amend and for appointment of counsel.

       On April 9 and August 5, 2008, defendants filed motions to dismiss plaintiff's claims. In response, on September 18, 2008, plaintiff filed an amended complaint. On September 19, 2008, in response to plaintiff's amended complaint, defendants filed a new motion to dismiss, but stated that because the factual allegations were the same as the original complaint, they incorporated by reference their arguments made in their previous motion to dismiss. Plaintiff has failed to respond to defendants' most recent motion; however, given that the motion is merely a reaffirmation of the arguments previously asserted in their prior motions, this court finds plaintiff has had adequate opportunity to respond.

*Defendant Ruppel*

       Defendants argue, specifically, to dismiss claims of failure to protect against defendant Ruppel regarding plaintiff's statements in his complaint that Ruppel was involved in offering

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

plaintiff protective custody, but plaintiff refused, saying he didn't want protected against all inmates, just his cell-mates that he wasn't getting along with. In Farmer v. Brennan, 511 U.S. 828, 843 (1970), the Supreme Court held that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Deliberate indifference exists if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware and he must also draw the inference." Id. at 837. In the context of plaintiff's claims, he must allege that defendants were deliberately indifferent to the need to protect him from a substantial risk of serious harm from other inmates. Id. at 825. Defendants must have actual intent that plaintiff would be harmed, knowledge that harm will result, or reckless disregard of a known risk to plaintiff's health and safety. Id. Here, plaintiff makes no such allegations against Ruppel. Rather, plaintiff alleges that Ruppel encouraged him to sign the paperwork for protective custody status, but that he didn't want to be in protective custody. Plaintiff's allegations against Ruppel for failure to protect him from his cell-mates that he declared enemies fail to state a claim on which relief may be granted, and Ruppel's motion to dismiss such claims should be granted.

*Defendants Dormire, Wood, Cassidy, Campbell, Corser, Cahalin and Beckemeyer*

The motions to dismiss of defendants Dormire, Wood, Cassidy, Campbell, Corser, Cahalin, and Beckemeyer argue that these defendants were not personally involved in plaintiff's claims about being restrained to a metal bench, in violation of the Eighth and Fourteenth Amendments to the Constitution. Defendants argue that plaintiff's claims are, at best, based on the theory of respondeat superior, and therefore, not actionable under 42 U.S.C. § 1983.

A plaintiff may not rely on the doctrine of respondeat superior when bringing an action under section 1983. See Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990) ("It is well settled that respondeat superior cannot be the basis of liability in a § 1983 action."); Bolin v. Black, 875 F.2d 1343, 1347 (8th Cir. 1989) ("It is well settled that the doctrine of respondeat superior is insufficient to allow recovery in a § 1983 action."). A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to

2

deliberate indifference or tacit authorization of the violation. Boyd, 47 F.3d at 968; Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990).

In this case, plaintiff alleges that he was restrained to a metal bench from September 9 through 14, 2005, at the direction, instruction and supervision of these defendants. Although plaintiff's allegations may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage. Plaintiff's allegations appear to allege that these defendants were liable not merely as a result of their supervisory positions, but because they, as supervisors, directed the actions that resulted in plaintiff being restrained to the bench for a period of six days.

*Defendant Freisen*

Defendant Friesen argues that plaintiff's allegations of deliberate indifference against him fail to set forth any actions that could support plaintiff's claim. Upon review, this court finds that Friesen's alleged denial of plaintiff's request for a cell change, followed with a statement that plaintiff should "be a man" and go back to his cell or remain handcuffed and shackled to the restraint bench, are sufficient, at this stage in the proceedings, to support a claim that Friesen was deliberately indifferent to plaintiff being restrained to a metal bench, without basic life necessities.

*Defendant Hovis*

Defendant Hovis similarly argues that his actions, as alleged by plaintiff, fail to support a claim of deliberate indifference. Upon review, this court finds that plaintiff's allegations that Hovis denied plaintiff's verbal request for a cell change and had him placed on the restraint bench, are sufficient for plaintiff to proceed.

*Fourteenth Amendment Due Process Claim*

Missouri Department of Corrections defendants also argue that plaintiff's allegations fail to support a Fourteenth Amendment due process claim.

To establish a due process violation, plaintiff must show a deprivation of a liberty or property interest protected by the Fourteenth Amendment. Paul v. Davis, 424 U.S. 693, 710-12 (1976). The Due Process Clause does not protect prisoners from every adverse change in their confinement. Sandin v. Connor, 515 U.S. 472, 478 (1995). If the conditions and degree of confinement are within the sentence imposed and do not otherwise violate the Constitution,

3

prisoners have no claim under the Due Process Clause. Montayne v. Haymes, 427 U.S. 236, 242 (1976). See also Hewitt v. Helms, 459 U.S. 460, 468 (1983) (prisoners have no inherent right to remain in general population). Disciplinary action taken in response to a prisoner's misconduct "falls within the expected parameters of the sentence." Sandin, 515 U.S. at 485.

The Supreme Court laid out the test for determining liberty interests in a prison setting in Sandin, 515 U.S. at 483-84. The Court held that "states may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless, imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.

Here, plaintiff's allegations that he was shackled to a bench for six days without basic necessities of life are sufficient to support a claim of atypical and significant hardship in relation to the ordinary incidents of prison life. At this stage in the proceedings, plaintiff's Fourteenth Amendment allegations are sufficient to proceed.

*Eighth Amendment Claim*

Department of Corrections defendants also argue that plaintiff makes insufficient allegations to support an Eighth Amendment claim of cruel and unusual punishment.

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious,' . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). "Second, a prison official must be, as a subjective state of mind, deliberately indifferent to the prisoner's health or safety." Beyerbach v. Sears, 49 F.3d 1324 (8th Cir. 1995). Therefore, the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Here, plaintiff sufficiently alleges, at the motion-to-dismiss stage, that (1) his deprivation of being restrained to a bench and denied basic life necessities for six days was sufficiently serious deprivation, and (2) defendants were aware and/or directed he be placed on the restraint bench. These allegations are sufficient to support an Eighth Amendment cruel and unusual punishment claim.

4

*Official Capacity Claims*

Defendants' argument for dismissal of plaintiff's damage claims against defendant state employees in their official capacities should be granted. The Eleventh Amendment to the United States Constitution prohibits suits for damages against the state, agencies of the state or state officials acting in their official capacity. Nix v. Norman, 879 F.2d 429 (8th Cir. 1989). Although, plaintiff's official capacity damage claims are foreclosed, his declaratory claims against defendants in their official capacities are sufficient to proceed, as well as all of plaintiff's individual capacity claims as set forth above.

Defendants' motions to dismiss should be granted, in part, and denied, in part, as set forth above.

Plaintiff's September 11, 2008 motion to amend to add Deborah Reed as a defendant is moot in light of his September 18, 2008 Amended Complaint.

Plaintiff's previous request for appointment of counsel was denied on November 30, 2007. A review of the record does not reveal a significant change in circumstances since that time. Accordingly, for the reasons previously set forth,

IT IS ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice. [30] It is further

ORDERED that plaintiff's motion to amend is moot. [29] It is further

RECOMMENDED that the motions of defendants Dormire, Wood, Cassidy, Corser, Campbell, Beckemeyer, Cahalin, Friesen, and Hovis to dismiss be granted, in part, and denied, in part, as follows: granted as to plaintiff's damage claims against defendants in their official capacities and denied on defendants' remaining bases for dismissal. [12, 33] It is further

RECOMMENDED that defendant Ruppel's motion to dismiss plaintiff's failure-to-protect claims against him be granted, and these claims dismissed for failure to state a claim on which relief can be granted under 42 U.S.C. § 1983.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include

matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 20th day of October, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge