# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ARTHUR TAYLOR, | ) |
|         Plaintiff, | ) |
| | ) |
| v. | ) No. 07-4212-CV-C-FJG |
| | ) |
| DAVE DORMIRE, et al., | ) |
|         Defendants. | ) |

# ORDER

Before the Court is defendants' e-mail dated October 15, 2010, requesting clarification of the Court's Order on plaintiff's motions in limine.

The first issue raised by defendants relates to plaintiff's motion in limine number 1, plaintiff's record of alleged prison violations and misconduct. Defendants assert that they understand they cannot present testimony as to plaintiff's own institutional violation record unless plaintiff opens the door in his direct examination. They further understand that they are allowed to present evidence that plaintiff was in administrative segregation. However, defendants indicate they should be allowed to generally present evidence as to what inmates must do to be placed in administrative segregation (specifically, because of poor behavior, failure to follow rules, and multiple conduct violations). Defendants argue this is relevant because the conduct that gets an inmate placed in administrative segregation affects the policy and procedures applicable to those inmates. The Court agrees, however, with plaintiff that evidence of what specific types of conduct compels placement of inmates in Administrative Segregation should not be admitted, unless plaintiff somehow opens the door. However, defendants may use general terms (such as poor behavior, failure to follow rules, and multiple conduct violations) to describe the sort of conduct that leads to

placement in administrative segregation.

The second issue raised by defendants relates to plaintiff's motion in limine number 2, conduct violations and disciplinary reports from the incident. Defendants understand they cannot present evidence as to the conduct violations issued to plaintiff and the corresponding reports unless plaintiff opens the door. Defendants want to clarify, however, that "they can describe what was going on in the housing unit, and that includes numerous inmates checking out of their cells at once in an organized disobedience." Defendants state that the organized disobedience, including plaintiff, was something defendants were forced to address, and all the inmates' actions affected the defendants' responses. Plaintiff indicates he has no objection to defendants describing the situation in the unit, i.e., "to state that multiple inmates checked out of their cells at various times." Plaintiff however, objects to the effort to interject an opinion that "organized disobedience" was occurring." After considering the parties' positions, the Court finds inadmissible the opinion that an "organized disobedience" occurred; however, defendants will be allowed to describe the general state of unrest in the unit and the situation where multiple inmates checked out of their cells at the same (or similar) time. However, if plaintiff disputes the situation in the unit during his testimony at trial, he will open the door to presentation of evidence regarding "organized disobedience."

The third issue raised by defendants relates to plaintiff's motion in limine number 5, plaintiff's incitement or encouragement of other inmates. Defendants indicate that if plaintiff testifies to being moved to the no-contact visiting booth (or if there is any evidence that plaintiff was in the no-contact visiting booth at all), defendants should be allowed to explain

2

why plaintiff was moved. Defendants indicate that certain inmates were moved, in part, because they were the inmates encouraging others to engage in organized disobedience, and the instigators be placed in an area without an audience. Defendant indicate that this evidence relates to damages, because plaintiff's actions while on the bench contributed to his placement in the no-contact visiting booth and the prolongation of damages he allegedly suffered. Plaintiff, however, indicates that the Court has already sustained motion in limine number 5, and the continuing efforts to inject evidence about incitement of others is improper and irrelevant. Further, plaintiff notes that defendant Dormire testified that ". . .when we run out of benches, I am the one that directed them to start utilizing the no-contact booth areas." Plaintiff asserts this means that he was moved because there were no available cells. Plaintiff indicates there will be evidence that Taylor was moved to the booth, and that he was kept shackled without food there for three more days. After considering the above-referenced information, the Court reserves ruling on this issue to see how the evidence evolves at trial.

Finally, defendants raise an issue related to plaintiff's motion in limine number 6, plaintiff's removal from Administrative Segregation Unit to No-Contact Visiting Booth. Defendants indicate that if plaintiff testifies as to any injuries he may have suffered during this entire incident, or any use of force by defendants, the jury must be permitted to know that defendants were forced to carry plaintiff from one area to another because of his refusal to walk. Defendants assert that this goes to damages, in that plaintiff's injuries may have been at least partially attributable to his refusal to walk and defendants being forced to carry him. Defendants further argue that the jury should not be permitted to know there

is a third videotape that only depicts plaintiff being moved, as suggestion of the existence of this videotape is highly prejudicial to defendants. Defendants also assert that plaintiff should not be allowed to present evidence regarding the "use of force" in carrying plaintiff to the no-contact visiting booth. The Court agrees with defendants that if plaintiff testifies as to <u>specific</u> injuries suffered from being carried to the no-contact visiting booth, plaintiff will open the door to evidence that plaintiff refused to walk from the bench to the no-contact visiting booth.[1] However, this does not mean that if plaintiff introduces any element of physical damages, defendants may produce evidence of the passive resistance.

**IT IS SO ORDERED.**


Date:  10/18/10  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge

---

[1]Certainly, one means of opening this door would be for plaintiff to make use of any exhibits referencing the "use of force" in carrying plaintiff to the no-contact visiting booth.