# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

ARTHUR TAYLOR,  )
                Plaintiff,  )
                           )
v.  ) No. 07-4212-CV-C-FJG
                           )
DAVE DORMIRE, et al.,  )
                Defendants.  )

# ORDER

Pending before the Court is Plaintiff's Motion in Limine to Prohibit Discussing Alleged Disturbances, Misconduct Violations, and Similar Matters (Doc. No. 228).

Prior to the first trial in this action, the Court issued two orders on motions in limine related to prison disturbance evidence: Doc. Nos. 178 and 180 (attached to defendants' response, Doc. No. 230). The Court originally granted plaintiff's motions in limine in part, as follows:

- Disallowing evidence as to plaintiff's record of prison violations and misconduct (allowing defendants to indicate plaintiff was placed in administrative segregation and allowing defendants to generally indicate the kind of conduct that would place a person in ad seg, such as poor behavior, failure to follow rules, and multiple conduct violations), Doc. No. 178, p. 4, Doc. No. 180, p.1;

- Disallowing plaintiff's conduct violation and discipline reports arising out of the incident at issue in litigation (disallowing argument that "organized disobedience" occurred, but allowing defendants to describe the general state of unrest in the unit and the situation where multiple inmates checked out of their cells at the same time) (Doc. No. 178, p. 5, Doc. No. 180, p. 2);

- Allowing defendants to testify that the sprinklers were broken causing flooding, but not allowing any suggestion that plaintiff had anything to do with the broken sprinklers, Doc. No. 178 pp. 5-6;

- Disallowing claims that plaintiff incited or encouraged other inmates to engage in organized disobedience (finding that the evidence is cumulative, already enough evidence as to why plaintiff was restrained), id. p. 6;

- Provisionally sustaining the motion regarding plaintiff's passive resistance against being moved from the ad seg unit to the visiting booth, Id. p. 6-7 – however, at trial plaintiff opened the door to allowing this evidence in as he testified to specific injuries suffered from being carried to the no-contact visiting booth (see Doc. No. 180, p. 4, Tr. 280).

In the renewed motion in limine, plaintiff specifically requests exclusion of: (1) discussion of a prison disturbance or organized disobedience; (2) discussion or rapping or laughing on the restraint bench or any dancing by prisoners and kicking cell doors in unison; (3) discussion of "general unrest" and "chaos," (4) discussion of Taylor's role in any alleged disturbance, including claims that Taylor was the "ringleader" or that he allegedly encouraged other prisoners to "check out" of their cells; (5) discussion of Taylor's alleged misconduct violations; (6) claims that Taylor broke any sprinklers; (7) discussion of flooding or sprinklers being broken; (8) discussion of the general sort of conduct that leads to placement in administrative segregation; and (9) discussion of plaintiff's passive resistance against being moved from the administrative segregation unit.

As noted by defendants in their response, plaintiff seeks a broader, more restrictive ruling from the Court for the upcoming trial, by seeking to have all prison disturbance evidence excluded. This is improper. Although defendants argue that more evidence should be allowed at the second trial given the dispute over whether a deliberate indifference standard or a malicious and sadistic standard of mental culpability should apply to the plaintiff's claims, the Court believes that its previous rulings (Doc. Nos. 178 and 180) already have struck the appropriate balance between relevance and Rule 403 concerns (such as undue prejudice, waste of time, and confusing the jury). Accordingly, the Court refers all parties to those rulings which already provide guidance as to the issues raised by plaintiff in his pending motion in limine, and **DENIES** plaintiff's pending motion in limine

(Doc. No. 228) as **MOOT.**

  **IT IS SO ORDERED.**


Date: <u>April 15, 2013</u>         **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri        Fernando J. Gaitan, Jr.
                    Chief United States District Judge