IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ARTHUR TAYLOR,  )
        Plaintiff,  )
  )
v.  ) No. 07-4212-CV-C-FJG
  )
DAVE DORMIRE, et al.,  )
        Defendants.  )

# ORDER

Pending before the Court are (1) Defendants' Motion for Summary Judgment (Doc. No. 236); and (2) Plaintiff's Motion for Leave to Amend Complaint (Doc. No. 241). Both will be considered below.

**I.  Defendants Dormire, Hovis, and Friesen's Motion for Summary Judgment (Doc. No. 236)**

All three defendants move for summary judgment. As to defendant Friesen, it appears all parties agree the claims against him should be considered terminated, given that plaintiff failed to appeal the Court's ruling in Friesen's favor on the motion for judgment as a matter of law. Accordingly, defendant's motion (Doc. No. 236) is **GRANTED** as it relates to defendant Friesen.

Defendants argue, with respect to defendants Hovis and Dormire, that plaintiff does not have evidence that will demonstrate that they can be liable for violating an allegedly unconstitutional policy. Defendants note that an individual can be held liable for violating an unconstitutional policy only if (1) following the policy deprived the plaintiff of a constitutional right, and (2) the conduct of the defendant constituted a clear violation of constitutional mandate so that a reasonable person in the defendant's situation would have known that he was violating the Constitution. Langford v. Norris, 614 F.3d 445, 459 (8th Cir. 2010). Upon its consideration of the evidence presented in relation to this motion (as well

as the evidence the court recalls from its 2010 trial of this matter), the Court finds that questions of material fact remain as to these issues. Therefore, defendants' motion for summary judgment as to defendants Hovis and Dormire will be **DENIED.**

## II. Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. No. 241)

Plaintiff's counsel seek to file an amended complaint adding as a defendant Larry Denney, the warden in charge of Crossroads Correctional Facility, where plaintiff is currently confined, and adding a claim for injunctive relief prohibiting the institutions from enforcing a policy of leaving prisoners on a restraint bench without food for an indefinite period of time. Although a claim for injunctive relief was not pled specifically within plaintiff's pro se first amended complaint, a claim for declaratory relief appears, which plaintiffs' counsel argue ought to be read as a claim for injunctive relief.

Plaintiffs' counsel note that when considering whether to grant leave to amend, courts consider the following non-exhaustive list of factors: (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to opposing parties; and (4) whether the proposed amendment would be futile. Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 224 (8th Cir. 1994). Plaintiffs argue that (1) the motion is a good-faith response to a change in circumstances, and that there is "ample time to conduct limited discovery into the manner in which the policy is applied by the warden at the institution where Taylor is now confined" prior to the June 2013 trial date; (2) the motion is timely because Taylor was transferred sometime around November 26, 2012, and counsel did not learn of this until after the last conference call with the Court (in early November 2012); (3) there is no prejudice as the new defendant is named only in his official capacity as the

2

officer in charge of enforcing the policy at issue against plaintiff; and (4) the proposed amendment would not be futile.

Defendants respond that (1) plaintiff's eleventh hour decision to seek an injunction should be denied due to his failure to allege imminent and irreparable harm; (2) the Department of Corrections has a new policy in place that contains greater safeguards to prevent a similar situation from arising in the future; (3) plaintiff seeks monetary damages, which is inconsistent with the un-made claim that any future injury would be irreparable; and (4) despite plaintiff's protestations to the contrary, grant of this motion would delay the trial date as it is impossible to conduct adequate discovery in one or two months.

Plaintiff replies that (1) defendants' new policy regarding food-while-restrained still falls short of what is constitutionally required; (2) only injunctive relief will ensure that the unconstitutional policy is changed in the same prison as where plaintiff is housed; (3) judicial economy would be served by litigating all these issues in one case, instead of plaintiff filing a new suit against Denney; and (4) monetary damages will not make plaintiff whole, as it is difficult to put a dollar amount on the pain of missing meals and sleep, and it makes little sense for this court to force plaintiff to endure such unconstitutional conduct again and then bring another suit for money damages when the Court could instead enjoin plaintiff's current warden from inflicting the policy onto plaintiff.

After reviewing the parties' briefs, the Court finds that plaintiff's motion for leave to amend should be **DENIED**. The Court finds that such motion comes very late in the processing of this case, given that one trial has already occurred and the second is less than two months away. Despite plaintiff's protestations to the contrary, the proposed

3

Case 2:07-cv-04212-FJG   Document 249   Filed 05/14/13   Page 3 of 4

amendment would cause delay in the current trial setting.[1] Additionally, as the Department of Corrections' policy has changed since the 2005 incident, any claims for injunctive relief would have to be as to the <u>new</u> policy. At this very late stage in this matter, the Court cannot allow a second amended complaint which would have the effect of completely changing the focus of the allegations, re-opening discovery as to the new policy and a new defendant, and delaying resolution of this matter. If plaintiff wishes to assert claims for injunctive relief, he may do so in a separate action.

### III. Conclusion

Therefore, for the foregoing reasons, (1) defendants' motion for summary judgment is **GRANTED IN PART** as to the claims against Defendant Friesen, and **DENIED IN PART** as to the claims against Defendants Hovis and Dormire; and (2) plaintiff's motion for leave to file second amended complaint is **DENIED**. All claims against defendant Friesen are considered **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Date: <u>May 14, 2013</u>  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
  Chief United States District Judge

---

[1] With a claim for injunctive relief, typically plaintiffs would want to move for a temporary restraining order or a preliminary injunction, and would request a hearing before the Court on those issues. Such a claim for injunctive relief would also, presumably, be subject to several defenses, such as lack of imminent threat of harm, lack of standing, or mootness, and defendants would have the right to assert their defenses via motion practice prior to any trial.